**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4918**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JIMMY ALONZO WRIGHT, a/k/a Jimmy Alfonzo Wright,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00006-RJC)

Submitted:  March 31, 2008          Decided:  April 22, 2008

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Kevin Tate, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Jimmy Alonzo Wright pled guilty to: possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (2000) (Count Three); possession of a firearm during a crime of violence, 18 U.S.C. § 924(c) (2000) (Count Four); and robbery affecting interstate commerce, 18 U.S.C. § 1951 (2000) (Count Five). Wright was determined to be a career offender and was sentenced to concurrent 180-month sentences on Counts Three and Five and a consecutive eighty-four-month sentence on Count Four, for an aggregate sentence of 264 months.

Wright appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two claims but stating that there are no meritorious issues for review. Wright has filed a pro se supplemental brief asserting that he was improperly found to be a career offender. Finding no reversible error, we affirm.

According to Wright's presentence report (PSR), he had two predicate felony convictions that qualified him for career offender status under U.S. Sentencing Guidelines Manual § 4B1.1 (2006): common law robbery and first degree burglary. The district court relied on this information in finding that Wright was a career offender. In his pro se supplemental brief, Wright makes the conclusory assertion that these convictions were not for violent crimes. Because Wright did not raise this issue below, our

review is for plain error.  See United States v. Olano, 507 U.S. 725, 732-37 (1993).  We conclude that Wright did not meet his burden of establishing that the information the district court relied upon was incorrect.  See United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).  We further reject the argument in the Anders brief that his sentence as a career offender violated the Sixth Amendment.  See United States v. Thompson, 421 F.3d 279, 281 (4th Cir. 2006) (fact of prior conviction is valid reason to enhance sentence even if not found by a jury).  Accordingly, we find that he was properly treated as a career offender for sentencing purposes.

In the Anders brief, counsel argues that the district court erred when it also found that Wright was an armed career criminal.  See USSG § 4B1.4.   We need not address this issue because, as  counsel correctly acknowledges, the alleged error is harmless in light of Wright's status as a career offender.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal.  Accordingly, we affirm.  This court requires counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's

motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED